[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT LYME ACADEMY OF FINE ART, INC'S MOTION TO STRIKE (# 101)
 I. Factual and Procedural History
By way of a six count complaint filed with the court, the plaintiff, Dorothea Bussmann, as Executor of the Estate of Paul Bussmann and individually, seeks damages for the defendants' alleged negligence.
On May 31, 1997, Paul Bussmann was fatally injured while crossing Lyme Street in Old Lyme, Connecticut. Prior to the accident, Mr. Bussmann, accompanied by his wife, Dorothea Bussmann, attended a fund raising costume ball and dinner given by the defendant Lyme Academy of Fine Arts, Inc. ("Lyme Academy") at its premises on Lyme Street in Old Lyme. When the Bussmanns crossed Lyme Street to attend the event, Lyme Academy provided a crossing guard to assist its guests to cross the street from the parking area to the event location. When the Bussmanns left the event at 11:20 that evening, there was no crossing guard to assist them. While the Bussmanns were in the crosswalk attempting to cross Lyme Street, Mr. Bussmann was struck and dragged by an automobile driven by the defendant Jerry Kovel. On June 5, 1997, Mr. Bussmann died as a result of the injuries he sustained.
On April 13, 1998, the defendant Lyme Academy filed a motion to strike directed at counts four, five, and six of the plaintiff's complaint and on May 20, 1998, the plaintiff filed her opposition.[1] Both parties submitted memoranda in support of their respective positions. On June 30, 1998, this court heard oral argument.
 II. Motion to Strike, Legal Standard
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted. . . . [The court] must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . If facts provable in the CT Page 10600 complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270-71, 709 A.2d 558 (1998).
 III. Discussion
The defendant Lyme Academy moves to strike counts four, five, and six on the grounds that "the claims as alleged do not set forth facts which support a conclusion that this defendant [had] a duty to the decedent, Bussmann, while he was walking on a public street in a designated crosswalk" and that the defendant had "no duty to [Dorothea] Bussmann [as an] individual in that her claims are also based on negligence." The plaintiff argues that she pleaded a legally sufficient cause of action in negligence because she alleged facts sufficient to give rise to a duty on the part of the defendant Lyme Academy since she alleged that the defendant assumed a duty to see its guests safely across the street on their way to the party and breached that duty by not having a crossing guard for the guests when they left the party. The defendant further argues that it had no duty to the plaintiff to protect her decedent from the actions of a third party and to so hold would "broaden the responsibility of a citizen beyond the limits of foreseeability and control." The plaintiff argues that the defendant was "under a duty not to participate in conduct on its property which subjects those outside the property to unreasonable risks."
"The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." (Internal quotation marks omitted.) Zamstein v. Marvasti, 240 Conn. 549, 558, 692 A.2d 781
(1997), citing RK Constructors, Inc. v. Fusco Corp. ,231 Conn. 381, 384, 650 A.2d 153 (1994). Our Supreme Court has stated that "the test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case." (Internal quotation marks omitted.) Zamstein v. Marvasti, supra, 558. CT Page 10601
"Duty is a legal conclusion about relationships between individuals, made after the fact, and imperative to a negligence cause of action. The nature of the duty, and the specific persons to whom it is owed, are determined by the circumstances surrounding the conduct. . . The ultimate test of the existence of the duty to use care is found in the foreseeability that harm may result if it is not exercised. . . By that is not meant that one charged with negligence must be found actually to have foreseen the probability of harm or that the particular injury which resulted was foreseeable, but the test is, would the ordinary [person] in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?" (Citations omitted; internal quotation marks omitted.) Clohessy v. Bachelor,237 Conn. 31, 45-46, 675 A.2d 852 (1996). See also Zamstein v.Marvasti, supra, 240 Conn. 558-59 n. 5; RK Constructors, Inc. v.Fusco Corp., supra, 231 Conn. 385.
In her complaint, the plaintiff alleges that the defendant Lyme Academy was negligent in the following ways: (1) "it failed to provide safe ingress and egress to the premises for persons using the parking lot located on the east side of Lyme Street"; (2) "it failed to provide adequate security measures sufficient to prevent injuries to persons using the parking lot including deployment of persons to direct traffic, lighting, signs, and supervision of the street crossing"; (3) "it failed to take reasonable precautions to protect persons visiting the premises who were crossing and recrossing Lyme Street to the parking lot"; (4) "it knew or should have known of the lack of a sufficient traffic supervision of the Lyme [S]treet crosswalk for pedestrians and could have taken steps to remedy the same"; and, (5) "it failed to provide a traffic crossing guard for the entire time that persons were attending the event." This court finds, therefore, taking the facts pleaded in the plaintiff's complaint as true and construing them in favor of legal sufficiency, as this court must, the plaintiff has sufficiently pleaded a duty.
Further, one superior court has held that "[w]here a claim against a business enterprise abutting [a] highway is not based upon an alleged unsafe condition of the highway but rather on a transient condition generated by the defendant's own business promotional activities, the business proprietor may have a duty to protect its customers from the hazards of having to cross the adjoining highway from the nearest parking area available to them." Mantie v. The Inn at Manchester, Inc., Superior Court, CT Page 10602 judicial district of Tolland at Rockville, Docket No. 058009 18 CONN. L. RPTR. 438 (January 9, 1997, Hammer, J.T.R.), citingMulraney v. Aulletto's Catering, 680 A.2d 793
(N.J.Super. A.D. 1996). The plaintiff has pleaded facts consistent with such a duty since those facts allege that the duty that Lyme Academy owed was due to transient condition, the fundraiser, and not any condition in the roadway. It is that promotional activity that may give rise to the defendant's "duty to protect" those crossing the adjoining street from the parking area Lyme Academy made available to the Bussmanns.
Finally, in Fleming v. Garnett, 231 Conn. 77, 646 A.2d 1308
(1994), our Supreme Court recognized that a possessor of land may have a duty to warn its invitees of dangerous conditions not actually known to them. In that case, the Court affirmed a trial court's charge that a "possessor of land has a duty to conduct its business operations in a manner that does not create an unreasonable risk of physical harm to those outside the premises; 2 Restatement (Second) Torts § 371; W. Prosser W. Keeton, Torts (5th Ed. 1984) § 57; and that this duty may include the duty to warn invitees of conditions that pose reasonably foreseeable dangers to the public. 2 Restatement, supra, §§ 290, 302, 343; W. Prosser W. Keeton, supra, § 33 pp. 197-99." Id., 84.
Thus, this court finds that under the facts pleaded in the complaint, the plaintiff alleges a legally sufficient cause of action which sounds in negligence.
 IV. Conclusion
Accordingly, the defendant's motion to strike counts four, five, and six of the plaintiff's complaint on the ground that the defendant Lyme Academy owed no duty to the plaintiff or her decedent is denied.
Handy, J.